## N. Y. SUPERIOR COURT.

### SIMON J. AHERN agt. THE STANDARD LIFE INS CO.

*The same costs may be taxed on appeal from an order denying a motion for a new trial, as upon appeal from a judgment; although, in practice both appeals are heard at the same time and upon one set of papers.*

*At Special Term, June,* 1870.

THIS is an appeal from the taxation of costs by the clerk. Plaintiff obtained a verdict at the trial term. A motion was made at special term for a new trial upon a case, which was denied. Judgment, was thereupon entered, and the defendants appealed to the general term, from the judgment, and also from the order denying the motion for a new trial. The general term affirmed the judgment, and order appealed from. The clerk allowed the following costs :

| | |
|---|---|
| Costs before argument on appeal from judgment. | $20 00 |
| "    for    "    of    "    "    " | 40 00 |
| "    before argument of appeal from order denying new trial. | 20 00 |
| "    for argument of appeal from order denying new trial. | 40 00 |

FREEDMAN, J.—In consequence of the omission of the cases arising under the second subdivision of section 349, from the exceptions contained in the fifth subdivision of section 307 of the Code, as it now stands, the same costs may be taxed on appeal from an order denying motion for new trial, as upon appeal from the judgment, although, in practice both appeals are brought to a hearing at the

same time and place, and upon only one set of papers, they are, nevertheless, entirely distinct from each other. An appeal from the judgment, after trial by jury, presents only questions of law, but an appeal from the order denying motion for new trial, enables the appellant to obtain a review of the questions of fact as well as of law. Such combined appeals, calls for a more full preparation of the appeal papers, imposes vastly greater labor upon the counsel for the respondent, and entitles the appellant to a more thorough consideration by the appellate court of the whole case, than an appeal from the judgment alone.

The clerk, therefore, was right in taxing the costs of both appeals.